IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMMY L. PAGE,

       Plaintiff,               No. CIV S-06-988 GEB KJM P

   vs.

STEPHEN W. MAYBERG, et al.,

       Defendants.       ORDER

_____/

       Plaintiff, who has been civilly committed under California's Sexually Violent Predators Act, is proceeding pro se in this civil rights action under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

I.  The Complaint

       The court is required to screen complaints filed by people proceeding in forma pauperis.  The court must dismiss a complaint or portion thereof if the person has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

2  § 1915(e)(2)(B)

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10          A complaint, or portion thereof, should only be dismissed for failure to state a

11  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

12  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

13  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

14  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

15  complaint under this standard, the court must accept as true the allegations of the complaint in

16  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

17  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

18  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19          Plaintiff alleges that defendant Mayberg, the Director of the Department of Mental

20  Health, failed to submit the Clinical Evaluator Handbook and Standardized Assessment Protocol

21  to the Office of Administrative Procedure as required by law.  As a result, plaintiff has been

22  evaluated for recommitment "in accordance with the unconstitutional protocol."

23          Plaintiff also alleges that defendants Hupka and Coles, psychologists who are "on

24  contract with California Department of Mental Health," prepared recommitment evaluations by

25  using the "unconstitutional protocol" and "intentionally 'false fabricated portions'" of their

26  reports concerning plaintiff's prior record.

2

A civil rights action under 42 U.S.C. § 1983 has two elements:  (1) a deprivation of rights, privileges or immunities secured by the law or the Constitution of the United States (2) committed by a person acting under color of state law.  Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Plaintiff's claims against defendant Mayberg are based on a violation of state law, rather than of his constitutional rights.  His allegations are so conclusory that this court cannot determine whether he is otherwise alleging a violation of his federal constitutional rights or the basis of any such violation.   He will be given an opportunity to amend this portion of his complaint only insofar as he is able to allege a federal constitutional violation.

Plaintiff's claims against defendants Hupka and Coles are on a different footing. It appears these private psychologists prepared reports under the authority of California Welfare and Institutions Code § 6601(d) or (e) in connection with proceedings to recommit plaintiff as a sexually violent predator and on that basis, the Department of Mental Health requested a petition for recommitment.  See Butler v. Superior Court, 78 Cal.App.4th 1171, 1178-79 (2000) (discussing procedure).

In West v. Atkins, 487 U.S. 42, 55-56 (1988) the Supreme Court held that a doctor who had a long-term contract  to provide medical services to inmates in the prison medical facility on a part-time basis acted  under color of state law when providing treatment.   It based its conclusion on a number of factors, including the fact that the doctor was required to follow the manual governing prison health care, which described the provision of health services as a joint effort, and  the  the recognition that the state had a duty to provide health care to prisoners, but had simply transferred that responsibility to the private doctor.  Id. at 51, 54-55.

Not every professional who enters into a contract with the state acts under the color of state law.  In Collyer v. Darling, 98 F.3d 211 (6th Cir. 1996), a state employee sued two psychologists who "contracted with the state on a particular occasion" to evaluate him for job fitness.  The Court of Appeals found that neither doctor was a state actor within the

1   contemplation of the civil rights statutes, because there was no shared goal as in West and no

2   indication that the practitioners were somehow restrained in their "obligation to independently

3   determine whether Collyer was mentally fit to effectively function as an employee." Id at 232.

4          The vague allegations in the instant complaint suggest that defendants Hupka and

5   Coles functioned more like the evaluators in Collyer than the doctor in West.  Plaintiff will be

6   given an opportunity to amend this portion of his complaint to show, if he can, that these

7   defendants were acting under color of state law in evaluating plaintiff.

8          Finally, because of the conclusory nature of the complaint, the court is unable to

9   determine whether plaintiff's challenge would "necessarily imply the validity" of his

10  commitment and would thus be barred.   Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

11  Plaintiff claims to seek "purely prespective [sic] injunctive relief against DMH" and its use of the

12  "unconstitutional protocol" and the "false fabricated portions of reports," which would not

13  violate Heck.  Edwards v. Balisok, 520 U.S. 641, 648 (1997).  However, he has not explained

14  why defendants Hupka and Coles are thus appropriate defendants.  He will be given an

15  opportunity to amend his complaint.

16         In sum, the court finds the allegations in plaintiff's complaint so vague and

17  conclusory that it is unable to determine whether the current action is frivolous or fails to state a

18  claim for relief.  As explained above, the court has determined that the complaint does not

19  contain a short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).

20  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

21  and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency,

22  733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity

23  overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has

24  failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be

25  dismissed.  The court will, however, grant leave to file an amended complaint.

26  /////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Motion For The Appointment Of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's application for the appointment of counsel will therefore be denied.

5

III.   Request To Expedite Service Of Process

On August 9, 2006, plaintiff filed a request to expedite service of process.  As noted above, his complaint does not state a claim against any of the named defendants, precluding service.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff's complaint is dismissed.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4.  Plaintiff's August 9 and November 15, 2006 applications for the appointment of counsel are denied.

5.  Plaintiff's August 9, 2006 motion to expedite service of process is denied.

DATED:  December 19, 2006.

_____
U.S. MAGISTRATE JUDGE

2
page0988.14

6